## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE, KNOXVILLE

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC.<br>516 W. 34TH STREET<br>NEW YORK, NEW YORK 10001 )<br><br>Plaintiffs, )<br><br>- v. - )<br><br>FRONTIER HOUSE OF JELLICO, INC.<br>D/B/A MARATHON GAS STATION<br>C/O OWNER, OFFICER OR DIRECTOR<br>1668 5TH ST, JELLICO, TN 37762 )<br><br>and )<br><br>MARK BOWLIN<br>OWNER, OFFICER, DIRECTOR OR<br>MANAGER OF FRONTIER HOUSE OF<br>JELLICO, INC., 1668 5TH ST, JELLICO, TN<br>37762 )<br><br>and )<br><br>MARK BOWLIN, 160 CLIFF RD, JELLICO,<br>TN 37762 )<br><br>and )<br><br>JOHN DOES 1-100, SERVICE AGENT<br>UNKNOWN, ADDRESS UNKOWN<br>CITY. STATE ZIP CODE, UNKNOWN )<br><br>Defendant(s). )| **Civil Action No. :**<br><br>**Judge:**<br><br>**Magistrate:**<br><br>**Jury Demand Endorsed Hereon** |

## COMPLAINT

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to

as "Coach"), through their undersigned counsel, for their complaint against Defendants allege as

follows:

## Nature of the Action

1.      This is an action for trademark and trade dress infringement, unfair competition, and trademark dilution  under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), and (c)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 et seq.); trademark infringement under T.C.A. 47-25-501, *et al,* deceptive trade practices under T.C.A. 47-25-104 *et al.*, and unfair competition, fraud and other actions recognized under the common law of the State of Tennessee.

## Jurisdiction and Venue

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Tennessee and, as to the entities, because they do business, are incorporated, and/or are authorized to do business in the State of Tennessee.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 (b) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## **Parties**

5.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in New York, New York.

6.     Upon information and belief, Defendant Frontier House of Jellico, Inc. (which may be doing business as Marathon Gas Station) is a Corporation organized and existing under the laws of the State of Tennessee with a principal place of business in Tennessee and is the owner/operator/manager of the Frontier House Gift Shop in Jellico, Tennessee.

7.     Upon information and belief, Defendant Mark Bowlin (hereinafter "Bowlin") is an individual who lives and has a principal place of business in Tennessee and is the owner/officer/operator/manager of Frontier House of Jellico, Inc.

8.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as JOHN DOES 1 through 100, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 100, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.     Plaintiff is informed and believes, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 100, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that

Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 100, inclusive, failed and/or refused to perform.

### The World Famous Coach Brand and Products

10.     Coach was founded more than seventy years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States.

11.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights and patents for many years on and in connection with the advertisement and sale of its products, including those detailed in this Complaint (together, the "Coach Marks").

12.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding three billion dollars.  Coach continues to invest substantial sums in promoting its products and services offered under the Coach Marks.

### The Coach Trademarks

13.     Coach is the owner of the following United States Federal Trademark

Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,579,358 | COACH | 20 for *inter alia* pillows, mirrors and glassware. | June 6, 2002 | COACH |
| 2,074,972 | COACH | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | July 1, 1997 | COACH |

Case 3:12-cv-00628   Document 1   Filed 12/03/12   Page 5 of 25   PageID #: 5

| Registration No. | Mark | Classes | Date of Registration | Image |
| --- | --- | --- | --- | --- |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for *inter alia* bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 |  |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 |  |
| 2,832,740 | CC & DESIGN (Signature C) | 28 for *inter alia* stuffed animals. | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 |  |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 |  |
| 3,441,671 | COACH LEATHER WARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 |  |
| 3,072,459 | CL STYLIZED | 18 for *inter alia* leather goods. | March 28, 2006 |  |
| 3,187,894 | CL STYLIZED | 18, 25 for *inter alia* leather goods and clothing. | December 12, 2006 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 | The Coach Factory Store |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | COACH |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 | C |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | COACH |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 | COACH |

14.     These registrations[1] are valid, subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. §1065.

15.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

16.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.  This not intended to be an exhaustive listing of Coach's trademarks.

17.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

18.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

19.     As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill.  Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

### The Coach Trade Dress

20.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

21.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

22.     The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

23.     Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

### The Coach Copyrights

24.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws.  These design elements are wholly original works and fixed in various tangible products

and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101 et seq. (hereinafter referred to as the "Coach Design Elements").

25.     Amongst others, Coach has a valid copyright registered with the Copyright Office for its "Legacy Stripe" design (registration number VA000704542), "Signature C" design (registration number VA0001228917), "Op Art" design (registration number VA0001694574), "Coach Horse & Carriage Logo" design (registration number VA1000714051), "Tattersall" design (registration number VA1000723169), and "Scribble" design (registration number VA1000748910).

26.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

## Defendants' Acts of Infringement and Unfair Competition

27.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements (hereinafter referred to as the "Infringing Products"). Defendants' specific conduct includes, among other things:

A.     On October 15, 2012, a Coach Investigator called Frontier House/Marathon Gas Station to inquire about whether they carry Coach handbags. The sales attendant stated that "these are knockoff Coach purses."

B.     Later in the day on October 15, 2012, a Coach investigator entered a retail establishment known as Frontier House/Marathon Gas Station, located at 1668 5th St., Jellico, Tennessee. The investigator walked to the "gift store" inside the gas station and observed at

least eleven handbags bearing the name "Coach" of various sizes. He also observed two wallets bearing the name "Coach."

C. On October 15, 2012, the Coach investigator purchased for $54.61 (FIFTY-FOUR DOLLARS AND SIXTY-ONE CENTS) a purple plastic handbag displaying at least three (3) marks subject to Coach's registered copyrights and trademarks.

D. The purchased handbag was inspected by Coach which determined that it was counterfeit and infringes on Coach's intellectual property because:

1.) Frontier House/Marathon Gas Station is not, and has never been, an authorized retailer of authentic Coach products;

2.) The stitching on the handbag is messy and uneven, which is not representative of the quality of authentic Coach products;

3.) The hardware on the handbag (buckles, zippers, metal emblem, zipper pull, etc.) are not the kind used by or manufactured by Coach;

4.) The leather Coach "story patch" on the interior of the handbag examined is inconsistent in both content and style to that of authentic Coach products of similar design;

5.) The lining used on the interior of the handbag is not that which is used by Coach in the production of authentic Coach goods;

6.) The Coach trademarks shown on the handbag are either incorrect or inconsistent with the Coach marks found on authentic Coach merchandise;

7.) The overall quality and craftsmanship of the handbag examined does not meet Coach's high quality standards; and

3.) The approximately MSRP for an authentic Coach Handbag is $300.00.

28. Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements, and the incalculable goodwill associated therewith.

29. Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, or the Coach Design Elements in

connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

30. Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

31. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

32. Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

33. Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendant's activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

34. Coach repeats and realleges the allegations set forth in the preceding paragraphs.

35. Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

36. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the

trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

37.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

38.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

39.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

40.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

41.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (**Trademark Infringement, 15 U.S.C. § 1114**)

42.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

43.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

44.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

45. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

46. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

47. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

48. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

49. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT III**
**(Trade Dress Infringement, 15 U.S.C. § 1125(a))**

50. Coach repeats and realleges the allegations set forth in the preceding paragraphs.

51. The Coach Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

52. Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

53. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public,

and the trade who recognize and associate the Coach Trade Dresses with Coach. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

54.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

55.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

56.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

57.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

58.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

59.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

60.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have

been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

61.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

62.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

63.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

64.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
## (Trademark Dilution, 15 U.S.C. § 1125(c))

65.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

66.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

67.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

68.     Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

69. Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

70. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

71. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

72. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VI**
**(Copyright Infringement, 17 U.S.C. § 501)**

73. Coach repeats and realleges the allegations set forth in the preceding paragraphs.

74. Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 et seq.). These include, but are not limited to, the "Op Art Design", the "CC & Design (Signature C)," the "Legacy Stripe Design," the "Coach Horse & Carriage Logo" design, the "Tattersall" design, and the "Scribble" design.

75. Upon information and belief, Defendants had access to and copied the Op Art Design, the CC & Design (Signature C), the Legacy Stripe Design, the Coach Horse & Carriage Logo, the Tattersall design, the Scribble design, and other Coach Design Elements present on Coach products.

76. Defendants intentionally infringed Coach's copyrights in the Op Art Design, the CC & Design (Signature C), the Legacy Stripe Design, the Coach Horse & Carriage

Logo, the Tattersall design, the Scribble design, and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the Op Art Design, the CC & Design (Signature C), and other Design Elements present on Coach products, without Coach's consent or authorization.

77.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 et seq.

78.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

79.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

80.     Defendants' acts have  damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VI**
**(Tennessee Trademark Infringement)**

81.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

82.     Defendants have used reproductions, counterfeits, copies or colorable imitations of a trademark or service mark in connection with the sale or offering for sale goods that are likely to cause confusion of the source of origin of the goods.

83.     Defendants have reproduced, counterfeited, copied, or colorably imitated a trademark and applied it to labels, signs, prints and other writings intended to be used in conjunction with the sale or distribution of good or services.

84. In violation of the Tennessee Code Annotated 47-25-501, et. al., Defendants knowingly acted with the intent to cause confusion between its products and Plaintiff's products.

85. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

86. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

87. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
### (Tennessee Deceptive Trade Practices)

88. Coach repeats and realleges the allegations set forth in the preceding paragraphs.

89. Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

90. Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

91. Defendants, in the course of their business or occupation have:

a.) passed off their goods or services as those of Coach;

b.) caused likelihood of confusion as to the affiliation, connection or association of their goods with those of Coach;

c.) caused likelihood of confusion of the source, sponsorship, approval or certification of their goods with Coach;

d.) used deceptive representation or designations of geographic origin in connection with their goods;

e.) represented that goods or services have sponsorship, approval, characteristics, that they do not have;

92. In violation of Tennessee Code Annotated 47-18-104, et, al. Defendants knowingly and willfully engaged in the deceptive trade practices listed in paragraphs a.-e. above.

93. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

94. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

95. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT IX
### (Tennessee Common Law Trademark Violations)

96. Coach repeats and realleges the allegations set forth in the preceding paragraphs.

97. The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

98. Through prominent, long, and continuous use in commerce, including commerce within the State of Tennessee, the Coach Trademarks have become and continue to be famous and distinctive.

99. Defendants' use of the Infringing Products, without authorization from Coach, is designed to deceive and mislead customers and to cause confusion as to the product's originator.

100. Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products and has caused a likelihood of harm to Coach's business reputation in violation of Tennessee common law.

101. Defendants have diluted the distinctive quality of the famous Coach Trademarks.

102. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

103. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

104. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT X**
**(Unjust Enrichment)**

105. Coach repeats and realleges the allegations set forth in the preceding paragraphs.

106. The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Tennessee.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A. Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii)

Defendants have violated T.C.A. 47-25-501 et al., and T.C.A. 47-18-104; (iv.) Defendants have diluted the Coach Trademarks in violation of Tennessee common law; (v) Defendants have engaged in trademark infringement and unfair competition under the common law of Tennessee; and (vi) Defendants have been unjustly enriched in violation of Tennessee common law.

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 17 U.S.C. § 502, T.C.A. 47-25-501 et al and T.C.A. 47-18-104, et al, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements;

2.      engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach;

3.      engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted; or

C.      Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing

Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.    Requiring Defendants to file with this Court and serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.    Awarding Coach the maximum statutory damages of $2,000,000 per counterfeit mark per type of Infringing Products in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.    Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.    Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

I.      Awarding Coach treble damages pursuant to T.C.A. § 47-18-109.

J.      Awarding Coach its costs, attorneys fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), T.C.A. 47-25-501 et al and T.C.A. 47-18-104, and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

K.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

L.      Awarding Coach such additional and further relief as the Court deems just and proper.


Respectfully submitted,


s/J. BRITT PHILLIPS
J. BRITT PHILLIPS (BPR# 20937)
**Sutter O'Connell Co.**
341 Cool Springs Blvd., Suite 430
Franklin, Tennessee  37067
Office: (615) 771-5008
Fax:     (615) 771-1080
bphillips@sutter-law.com

***Attorney for Plaintiffs Coach and Coach Services Inc.***


## JURY DEMAND

Now comes Coach, by and through counsel, and herein demands a trial by jury of the issues triable of and by a jury in this action.

s/J. BRITT PHILLIPS
J. BRITT PHILLIPS